IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. MERCHANT SYSTEMS, LLC., <br><br> Plaintiff, <br><br> v. <br><br> A FURNITURE HOMESTORE LLC, et al., <br><br> Defendants. | No. C 07-0991 CRB <br><br> **MEMORANDUM AND ORDER OF TRANSFER** |

Plaintiff US Merchants Systems ("USMS") provided defendant A Furniture Homestore, a retail furniture store in Honolulu, Hawaii ("Ashley Honolulu"), with credit card service and payment to Ashley's customers for chargebacks. Ashley Honolulu closed its doors and now allegedly owes plaintiff $483,000. Plaintiff filed this state law action in California state court and defendants removed it to federal court on diversity jurisdiction grounds. Now pending for the Court's decision is the motion to dismiss for lack of personal jurisdiction of Ashley Honolulu and the two individual defendants, and the motion to dismiss or transfer for improper venue of defendant GE Commercial Distribution Finance Corporation. After carefully considering the parties' arguments and evidence, the Court concludes that oral argument is unnecessary, see Local Rule 7-1(b), and GRANTS the motions to transfer to Hawaii.

## ALLEGATIONS OF THE COMPLAINT

Plaintiff USMS entered into a merchant agreement with Ashley Honolulu on June 11, 2004 "whereby USMS provided credit card transaction acceptance service to Ashley Honolulu." First Amended Complaint ¶ 14. As part of that agreement, Ashley Honolulu agreed to maintain sufficient funds in a business bank account to cover any obligations and fees, including, credit card transaction returns made by customers, known as "chargebacks." Id. The agreement contains a personal guaranty signed by Fernando Godina in which Godina agrees to be a party to the contract. Id. ¶ 15. Godina also allegedly signed the agreement on behalf of Ashley Honolulu and is identified on the agreement as the 100% owner of Ashley Honolulu.

Since entering the agreement, Ashley Honolulu and Godina have failed to fund their account and USMS has been forced to make reimbursements to Ashley Honolulu's customers in the amount of at least $483,000. Id. ¶¶ 16-19. USMS makes claims against Ashley Honolulu, Godina, and Michael Cutler (alleged to be an officer and controller of Ashley Furniture), for breach of contract, account stated, money paid, intentional misrepresentation, negligent misrepresentation, and concealment.

USMS also alleges that on or about December 30, 2006, defendant GE Commercial Distribution Finance Corporation ("GE") conducted an auction sale of Ashley Honolulu's property and improperly converted the proceeds from the sale for its own use. Id. ¶ 68. Plaintiff makes a claim for conversion and constructive trust against GE.

Defendants Godina, Cutler and Ashley Honolulu move to dismiss for lack of personal jurisdiction or in the alternative to transfer to Hawaii. Defendant GE moves to dismiss for improper venue or, in the alternative, to transfer to Hawaii.

## LEGAL STANDARD

Plaintiff has the burden of proving personal jurisdiction and venue. Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006); Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979). In assessing plaintiff's showing, the court may consider evidence presented in affidavits and other evidence procured through the discovery

1 process. But when the court acts on the motion without holding an evidentiary hearing, 2 plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion 3 to dismiss. When not directly controverted, plaintiff's version of the facts must be taken as 4 true, and conflicts between the facts contained in the parties' affidavits should be resolved in 5 favor of plaintiff. Autodesk v. RK Mace Engineering, Inc., 2004 WL 603382 *2 (N.D. Cal. 6 March 11, 2004). However, once the defendant has contradicted allegations contained in the 7 complaint, plaintiff may not rest on the pleadings, and must instead present admissible 8 evidence to support the finding of personal jurisdiction. See Data Disc, Inc. v. Systems 9 Technology Associates, Inc., 557 F.2d 1280, 1284-85 (9th Cir. 1977).

The Ninth Circuit has adopted a three-part test for determining specific jurisdiction: (1) whether defendant has purposefully availed himself of the privileges of conducting activity in the forum; (2) whether the claim arises out of or results from defendant's forum-related activities; and (3) whether the exercise of jurisdiction is reasonable. Pebble Beach, 453 F.3d at 1153.

**DISCUSSION**

Plaintiff claims that venue and personal jurisdiction are proper in this District pursuant to a forum selection clause in the June 11, 2004 written agreement. The clause states: "This agreement shall be governed by, interpreted and construed in all respects in accordance with and under the laws of the State of California. The parties hereto agree that, with respect to any claim arising out of this agreement, such claims shall be submitted for dispute resolution in the City of Fremont, County of Alameda, State of California. (Emphasis added).

The agreement identifies only Ashley Honolulu and Godina as parties to the agreement, it therefore cannot confer personal jurisdiction and proper venue over Cutler and GE. The Court will accordingly address Cutler and GE separately from Ashley Honolulu and Godina.

**A.  Personal Jurisdiction of Ashley Honolulu and Godina**

Ashley Honolulu and Godina contend that the venue selection clause does not apply because *Godina never signed the agreement*.

3

**1.	The evidence**

  **a.	Cutler's declarations**

Michael Cutler, the President of Cutler and Associates which is one of two managers of Ashley Honolulu, attests that Godina, who resides in Nevada, is not and never was a manager of Ashley Honolulu; instead, he is a passive investor with a small ownership interest. He had no authority to sign anything on Ashley Honolulu's behalf. The representation on the application that he is a 100% owner is false.

Cutler attests further that he was completely unaware of the written contract upon which plaintiff brings this lawsuit until the action was filed. He contends that the only person with whom Ashley Honolulu communicated as to the USMS credit card account was Jason Taylor of Revenueworx, Salt Lake City, Utah. Taylor was a representative for USMS and his name is on the June 11, 2004 contract as USMS's agent.

Cutler states further that Ashley Honolulu would never have signed the purported June 11, 2004 agreement because the terms are much less favorable than the terms with their previous credit card company. He claims that Jason Taylor solicited Ashley Honolulu by physically coming to the Hawaii store and indicating that he could get Ashley Honolulu a slightly lower transaction rate. Ashley Honolulu switched to USMS, but never saw nor signed the purported June 11, 2004 contract. All of Ashley Honolulu's contacts with USMS occurred in Hawaii; none in California.

  **b.	Godina's declarations**

Godina denies ever seeing or signing the June 11, 2004 contract. He offers an example of his signature which is dissimilar from the signature on the June 11 contract. He explains that in May 2004, in Reno, Nevada (where Godina lives), he had contact with Jason Taylor with respect to a merchant service account established by a furniture store that Godina was operating in Reno. He attests that he <u>never</u> had any contact with Taylor about Ashley Honolulu. He speculates that Taylor obtained the personal information about Godina that appears on the June 11 contract from the merchant service contract Godina set up for the

4

Reno furniture store. The only communication he ever had with Taylor is when Taylor physically came to Godina's Reno furniture store.

### c. Plaintiff's evidence

Plaintiff does not offer any evidence from Jason Taylor, the only USMS representative whose name appears on the June 11 contract; instead, plaintiff offers only the declaration Cihat Zeyt, the CEO of USMS. Zeyt contends that he "was personally involved in the merchant agreement relating to" Ashley Honolulu and Godina, but he does not specify how he was personally involved. He does not offer any evidence as to whether Godina actually signed the contract or whether anyone at Ashley Honolulu ever saw the contract before this lawsuit was filed; indeed, Godina attests that he has never met nor even spoken with Zeyt.

### 2. Analysis

Plaintiff offers no evidence to contradict Ashley Honolulu's unequivocal evidence that it never saw nor signed the June 11 contract.

Plaintiff asks for discovery on the issue of the forgery, but it has not even made a prima facie showing that Godina's signature is not a forgery. In any event, once the defendant has contradicted the complaint's allegations, plaintiff may not rest on the pleadings and must instead present admissible evidence to support the finding of personal jurisdiction. See Data Disc, Inc., 557 F.2d at 1284. It has not done so even though such evidence should be in plaintiff's control if its exists. The forum selection clause cannot be enforced.

Once the forum selection clause is put aside, there is no basis for asserting personal jurisdiction over Godina. There is no evidence that Godina ever had any contact with California, or even USMS, with respect to Ashley Honolulu. There may be personal jurisdiction of Ashley Honolulu, however, because it did have a merchant relationship with USMS, a California business, and USMS provided it with credit card transaction services.

### B. Personal Jurisdiction of Michael Cutler

The only contact Cutler is alleged to have made in California is a telephone call to Zeyt at USMS in December 2006, after approximately 90 percent of the asset liquidation had

5

occurred. Cutler called to obtain information to respond to inquiries from the State of Hawaii Consumer Protection Department as to which customers had received refunds. The record reflects that during that single conversation Cutler did not supply USMS with any information about Ashley Honolulu, other than that it had closed.

This single contact is insufficient to confer personal jurisdiction on Cutler. The conversation did not give rise to the agreement upon which USMS brings this lawsuit. Nor does USMS allege that Cutler said anything false or fraudulent in the conversation nor did anything in that conversation that led to this lawsuit. At a minimum, personal jurisdiction of Cutler is questionable.

**C.     Venue of the claims against GE**

GE moves to dismiss the claims against it for improper venue. GE loaned money to Ashley Honolulu for the purchase of inventory and took a secured interest in that inventory. In December 2006/January 2007 it liquidated that inventory to satisfy its loan to Ashley Honolulu. Plaintiff claims the liquidation was improper. Aside from the merits of such a claim, there is no venue in this District. Plaintiff relies on its argument as to the forum selection clause, but GE is not a party to the agreement and, in any event, as discussed above, the forum selection clause is not valid. Thus, the claims against GE cannot be brought in this District.

**CONCLUSION**

As all defendants move, at least in the alternative, to transfer venue of this action to federal court in Hawaii, and by doing so consent to personal jurisdiction in Hawaii, the Court concludes that in the interests of justice and for the convenience of the parties this action should be so transferred.

The only issue preventing a transfer is the forum selection clause and, as is explained above, plaintiff has not even made a prima facie showing that the forum selection clause is valid. Moreover, this Court does not have personal jurisdiction of Godina or Cutler, so the claims against them must be dismissed or transferred. Similarly, venue of the claims against GE is improper in this District; so those claims, too, must be dismissed or transferred.

Finally, everything of relevance in this case occurred in Hawaii, including the solicitation of the agreement in the first place. Accordingly, this action is TRANSFERRED to the United States District Court for the District of Hawaii.

**IT IS SO ORDERED.**

Dated: May 3, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE